UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:09CV742 CDP |
| vs. | ) ) | |
| ADAMS LANDSCAPING, INC., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs seek a default judgment or, alternatively, summary judgment against defendant for unpaid contributions to an employee benefit fund. Defendant opposes plaintiffs' motion to the extent it fails to account for two prior payments to plaintiffs' fund. Because plaintiff has stated a valid claim for relief and there is no further dispute regarding the amount owed by defendant, I will grant the motion.

In this case, plaintiffs seek to recover unpaid contributions to an employee benefit fund from defendant Adams Landscaping, Inc. Plaintiffs served defendant with their complaint on June 16, 2009. Defendant failed to timely respond, a default was entered, and this Court ordered an accounting to determine the amount of defendant's unpaid contributions. The accounting is now complete and

plaintiffs have moved for a default judgment.

Defendant has filed a one page response – its first filing in this case – in which it cursorily denies plaintiffs' grounds for asserting defendant's liability, as well as the amount for which plaintiffs seek to hold it liable. However, defendant's denial of liability is untimely. After a default, all of the allegations asserted against the defaulting party are deemed admitted by defendant. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) ("It is nearly axiomatic that when a default judgment is entered, facts alleged in the complaint may not be later contested"). Defendant's liability is established if the well-pleaded allegations in the complaint, when taken as true, support plaintiffs' claim for recovery. *Id.*

Here, plaintiffs assert that they are entitled to recover from defendant based on the terms of their collective bargaining agreement. Plaintiffs allege that defendant agreed to make specified contributions to the fund and to file monthly reports related to the contributions. Plaintiffs also allege that defendant has unreasonably failed to make its contributions or file its monthly reports since December of 2008. These facts support plaintiffs' claim that defendant is liable in this case.

Defendant may, however, object to the amount that plaintiffs demand, even in default. *Id.* Defendant states a single basis for opposing the amount of

plaintiffs' demand, which is that plaintiffs did not properly credit two of defendant's past payments. In their reply, plaintiffs concede this point and have deducted the amount indicated by defendant from their demand.[1] There being no remaining dispute between plaintiffs and defendant in this action, I will grant plaintiffs' motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default, or in the alternative, for summary judgment [#24] is GRANTED. Defendant shall pay $91,416.41 for unpaid contributions to plaintiffs' benefit fund, liquidated damages, interest, investigation fees, attorneys fees, and court costs.

A separate judgment consistent with this Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2010.

---

[1] Plaintiffs initial brief sought $104,185.21 from defendant for unpaid contributions to plaintiffs' benefit fund, liquidated damages, interest, investigation fees, attorneys fees, and court costs. However, in response to defendant's objection, plaintiffs now seek $91,416.41.