UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS | ) | |
| CONSTRUCTION LABORERS | ) | |
| WELFARE FUND, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09 CV 742 CDP |
| | ) | |
| ADAMS LANDSCAPING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Adams Landscaping, Inc. has filed a motion under Fed. R. Civ. P. 60(b)(6) to vacate the judgment entered against it. Defendant argues that the judgment should be vacated because it was the result of its attorney's misconduct. The Court held an evidentiary hearing on the matter on June 17, 2011. Because Adams Landscaping has not demonstrated extraordinary circumstances or that it participated in this litigation in good faith, I will deny its motion.

### Background

The president of Adams Landscaping, Herbert Adams, lives and works from a home office at 15606 Debridge Way, St. Louis, MO 63034. Both Herbert and his son Cedric Adams testified that during the relevant time period, they attended to

the day-to-day affairs of the company at that address, including receiving mail and handling paperwork. The complaint in this case was filed on May 13, 2009. Cedric Adams was personally served with a summons and complaint at the Debridge Way address. Adams Landscaping did not respond to the complaint.

On July 15, 2009, plaintiffs moved for a Clerk's Entry of Default. A copy of the motion was sent to the Debridge Way address. Adams Landscaping did not respond and the Clerk entered a default against Adams Landscaping. The Court entered a default order of accounting approximately two weeks later, on July 31, 2009. A copy of the default order of accounting was mailed to Adams Landscaping at the Debridge Way address the same day. Adams Landscaping did not respond.

A month later, on September 1, 2009, plaintiffs filed a motion for contempt against Adams Landscaping. A copy of this motion was mailed to Adams Landscaping at the Debridge Way address. Adams Landscaping did not respond.

Approximately two months later, on October 23, 2009, the Court ordered Adams Landscaping to show cause why it should not be held in contempt. The order scheduled a hearing for December 9, 2009. The Clerk mailed a copy of the order to Adams Landscaping at the Debridge Way address.

Cedric Adams first sought to retain an attorney in this case during the week leading up to the contempt hearing. In early December of 2009, Cedric Adams testified that he contacted a family friend, Bernard Becton, to represent him. Bernard Becton was not an attorney. He had been disbarred in 1999. Herbert and Cedric Adams claimed that they believed that Bernard Becton was an attorney because they had always known him to be an attorney. When questioned on whether Becton ever told them that he was an attorney, the Adams' answers are equivocal.

A document sent to Cedric Adams, however, is less equivocal. On December 8, 2009, Becton sent a fax to Cedric Adams regarding the show cause hearing. The letter stated that Becton had contacted "attorney Jeffrey Michael Witt, who is licensed in federal court, and [] spoke with his office about appearing at the hearing." The letter further specified that Witt "wants $1,000.00 to show up tomorrow, argue the Motion to Set Aside, and file the Answer to Plaintiffs' Complaint." The letter concluded "you have to 'take care of B-Dog' on this one, but we can discuss it. For now, the old man does not have to appear in court tomorrow, assuming you retain Jeff Witt."

The next day, December 9, 2009, Cedric Adams met Jeffrey Witt and Bernard Becton at the courthouse, paid Witt $750, and waited in the lobby with

Becton while Witt argued on behalf of Adams Landscaping. Becton sent Cedric a fax the same day stating that he had picked up the complaint and had drafted an Answer. It concluded: "I'll ask Jeff Witt to file the Answer." The signature block of the answer lists Witt as the submitting party.

At the hearing, Witt agreed to enter an appearance on behalf of Adams Landscaping and to coordinate an audit with plaintiffs' attorney. Witt never formally entered an appearance on behalf of Adams Landscaping, but he did hire an independent auditor and coordinate an audit with plaintiffs. In March of 2010, plaintiffs conducted an audit of Adams Landscaping's records at Witt's offices. Becton sent Adams Landscaping an invoice on behalf of himself and the auditor on April 15, 2010. The invoice is identified as being sent "from the desk of Bernard A. Becton" under a letterhead reading: "Law Office of Jeffrey M. Witt, LLC, Attorney at Law." During this time, the parties entered into an agreement under which a contractor that owed money to Adams Landscaping would pay the owed money to plaintiffs instead. The agreement stated that Adams Landscaping "acknowledges that this Agreement does not fully resolve Case No. 4:09CV742 CDP and that it may be liable for amounts in excess of $11,000.00 pursuant to the ongoing audit of its books and records."

The parties filed a status report with the Court in June of 2010 stating that

they had made progress in determining the amount Adams Landscaping owed the

union. Witt signed the status update on behalf of Adams Landscaping. Plaintiffs

filed an additional status update in August of 2010 indicating that defendants had

stopped responding to plaintiffs' requests for documentation.

On October 20, 2010, plaintiffs moved for a default judgment, or in the

alternative, summary judgment. A copy of plaintiffs' motion was mailed to Witt

and to Adams Landscaping at the Debridge Way address. Witt filed a response to

the motion denying Adams Landscapes' liability and disputing the amount of the

judgment that plaintiffs sought. The Court granted plaintiffs' motion on December

1, 2010.[1]

On January 17, 2011, plaintiffs filed a motion to compel a post-judgment

deposition. The motion was mailed to Witt, as well as to Adams Landscaping at

the Debridge Way address. The motion was not opposed and the Court entered an

order compelling a representative of Adams Landscaping to appear for a post-

---

[1]Adams Landscaping has expressed confusion regarding whether plaintiffs' motion was granted as a motion for summary judgment or as a default judgment. The order did not specify whether it was granting it as a default judgment or on summary judgment, but it addressed defendants' arguments and reduced the amount awarded from the amount plaintiffs sought. In substance, the order ruled on the motion as a motion for summary judgment, even if it was not explicit from the form. *See United States v. Pacheco*, 434 F.3d 106, 112 (1st Cir. 2006) (construing a court order or judgment according to the substance of the order, rather than the form, title, or characterization).

judgment deposition on February 14, 2011.  Adams Landscaping did not appear at the post-judgment hearing.

Plaintiffs moved for contempt on February 21, 2011.  The motion was mailed to Adams Landscaping at the Debridge Way address.  Adams Landscaping did not respond to the motion and the Court ordered Adams Landscaping "in person, either by counsel or through an officer of the corporation" to appear at a hearing on March 31, 2011.  The Clerk mailed a copy of the order to Adams Landscaping at the Debridge Way address on March 18, 2011.  Adams Landscaping did not appear and the Court held Adams Landscaping in contempt on April 4, 2011.  Herbert Adams was personally served with the order of contempt on April 11, 2011.  Adams Landscaping subsequently retained a new attorney, Larry Fields, and filed a motion to vacate the judgment in this case.

**Analysis**

Adams Landscaping moves to vacate the judgment in this case under Federal Rule of Civil Procedure 60(b)(6).  In addition to the specific grounds for vacating a judgment listed in Rule 60(b)(1) through 60(b)(5), Rule 60(b)(6) allows a court to alter a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  A party seeking relief under Rule 60(b)(6) must demonstrate that "exceptional circumstances have denied the moving party a full and fair

opportunity to litigate his claim and have prevented the moving party from

receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

Relief under Rule 60(b)(6) is only available in extraordinary circumstances. *In re*

*Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d

863, 868 (8th Cir. 2007) ("Rule 60(b)(6) authorizes relief from final judgments in

extraordinary circumstances."); *Watkins v. Lundell*, 169 F.3d 540, 545 (8th Cir.

1999) ("If we were to revisit factual findings without some showing of exceptional

circumstances, then Rule 60(b)(6) would be nothing more than an end-run around

the entire judicial process.").

Adams Landscaping has not met its burden of demonstrating exceptional

circumstances under Rule 60(b)(6). Adams Landscaping's only grounds for its

motion is its claim that it was prejudiced by the misrepresentations of a man

claiming to be an attorney – Bernard Becton. This argument fails because the facts

do not indicate that Adams Landscaping plausibly believed Becton was its

attorney, and even if it did, it did not reasonably rely on Becton's alleged

representations. In addition, Adams Landscaping has not shown that the outcome

in this case would have been different, if it had obtained competent counsel at an

earlier stage.

The record shows that it was not until December of 2009 – long after it had been found in default and only when faced with a contempt hearing – that Adams Landscaping finally retained a licensed attorney, Jeffrey Witt. The record also shows that Witt provided competent assistance to Adams Landscaping. "An attorney-client relationship is established when a prospective client seeks and receives legal advice and assistance from an attorney who intends to provide legal advice and assistance to the prospective client." *Polish Roman Catholic St. Stanislaus Parish v. Hettenbach*, 303 S.W.3d 591, 601 (Mo. Ct. App. 2010). "In determining whether the legal advice and assistance of an attorney is sought and received, courts look to the substantive nature of the contacts within the relationship, regardless of what formal or procedural incidents have occurred." *Id.* (quotations omitted).

The evidence presented at the hearing indicates that Adams Landscaping knowingly retained Witt in this matter. According to Cedric Adams and Jeffrey Witt, the day before the first contempt hearing, Adams Landscaping received a letter stating that if it agreed to a specified retainer fee, it could hire Jeffrey Witt to perform legal services. The next day, Cedric Adams paid the retainer fee to Witt and was present when Jeffrey Witt argued the motion for contempt on his company's behalf. After the contempt hearing, essentially all of the

correspondence between Adams Landscaping and Becton or Witt were sent under

the letterhead of the Law Office of Jeffrey Witt.  Documents prepared on behalf of

Adams Landscaping bore Witt's signature block, and Witt filed documents on

Adams Landscaping's behalf.[2]  Witt succeeded in convincing the Court not to hold

Adams Landscaping in contempt at that time, located an independent auditor,

coordinated an audit of Adams Landscaping's records, and filed a response to

plaintiffs' motion for summary or default judgment, which succeeded in reducing

the amount of the judgment.  Adams Landscaping was aware of its payment of a

retainer fee to Witt and of Witt's efforts on its behalf.  Therefore, it is not plausible

that Adams Landscaping did not understand that Witt was its attorney.

Nonetheless Adams Landscaping argues that the judgment should be vacated

because it believed that Becton and not Witt was its attorney.  However, a person's

subjective "belief in an attorney-client relationship is insufficient to create such a

relationship."  *Mid-Continent Cas. Co. v. Daniel Clampett Powell & Cunningham,*

*LLC*, 196 S.W.3d 595, 599 (Mo. Ct. App. 2006).  Regardless of its current

---

[2]Additionally, plaintiffs provided an attorney-client contract between Witt and Cedric
Adams and a letter from Witt to Cedric Adams related to the first contempt hearing.  However,
the contempt hearing letter is an unsigned copy and, although the attorney-client contract
appears to be signed by Witt and Cedric Adams, Cedric Adams now denies signing the contract.
Because of the foundational infirmity of these exhibits, I have not relied upon them in my
decision, although I do not find Cedric Adams testimony that he did not sign the attorney-client
contract credible.

arguments, it is not plausible that Adams Landscaping believed that Becton was its attorney. Becton instructed Adams Landscaping to hire Witt as its attorney, Adams Landscaping paid Witt a retainer, and it understood that Witt would file papers and argue motions on Adams Landscaping's behalf. It also knew that Becton performed none of these services. There is no documentation reflecting that Adams Landscaping ever attempted to hire Becton as its attorney or indicating that it considered Becton to be its attorney. The only evidence supporting a claim that Adams Landscaping did not know that its attorney was Witt and not Becton was given by Cedric and Herbert Adams – after they chose to challenge the judgment in this case. However, even at the hearing on this motion, neither Adams was able to credibly claim that Becton ever told them he was an attorney or that he was their attorney in this action. Instead, they merely stated that they had always known Becton as an attorney, and so they felt they were justified in relying on him as their attorney, even though all of the documentation and the circumstances of this case indicate that this was not true. Because Adams Landscaping does not allege that Witt performed deficiently and the evidence presented at the hearing does not reflect any obvious misconduct on Witt's part, Adams Landscaping's motion for relief based on its attorney's misconduct fails.

In addition, even if Witt had performed deficiently, Adams Landscaping has

failed to show that it was prejudiced by its attorney's misconduct. Under Rule

60(b)(1), a party's attorney's misconduct may justify the vacation of a judgment

due to "excusable neglect."[3] *See In re Guidant Corp.*, 496 F.3d at 866-67. The

"excusable neglect" test "has two components: (1) neglect or noncompliance and

(2) that is excusable." *Id.* To determine whether "conduct is excusable, several

factors must be taken into account, including:"

> (1) the danger of prejudice to the non-moving party; (2) the length of
> the delay and its potential impact on judicial proceedings; (3) whether
> the movant acted in good faith; and (4) the reason for the delay,
> including whether it was within the reasonable control of the movant.

*In re Guidant Corp.*, 496 F.3d at 866-67 (citing *Pioneer Inv. Serv. Co. v.*

*Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Adams Landscaping argues that it is entitled to relief from the judgment

based on its attorney's conduct, but has failed to argue the first element of this test.

Adams Landscaping has not alleged that its attorney's neglect or noncompliance

---

[3]When a motion is filed under Rule 60(b)(6), but is similar to a ground for relief specifically listed in one of Rule 60(b)'s five other subsections, it is appropriate to analyze the claim under Rule 60(b)(6) as if it were brought under the subsection that would otherwise be applicable. *See Middleton v. McDonald*, 388 F.3d 614, 616 (8th Cir. 2004) (analyzing a Rule 60(b)(6) motion under the standards applicable to a motion under Rule 60(b)(3)); *In re Guidant Corp.*, 496 F.3d at 868 (analyzing a Rule 60(b)(6) motion under the standards applicable to a motion under Rule 60(b)(1)). Motions to vacate a judgment under Rule 60(b) based on attorney misconduct are usually brought under subsection (1). *See* 49 C.J.S. Judgments § 417 (2011); *In re Guidant Corp.*, 496 F.3d at 866-67.

led to the judgment in this case and has not specified what it believes Witt should have done differently or that the result would have been different had Witt provided additional services. This case was filed by plaintiffs to recover money that Adams Landscaping owed them under a contract. Adams Landscaping does not dispute that the contracts are valid. Instead, Adams Landscaping's arguesthat it had already paid plaintiffs all the money that it owed under the contracts. In support of this argument, Adams Landscaping relies on the agreement between itself, plaintiffs, and a contractor reflecting that the contractor would pay plaintiffs in satisfaction of part of Adams Landscaping's debt to plaintiffs. But the agreement explicitly states that it does not absolve Adams Landscaping of its total liability in this case and that the later audit could reveal that Adams Landscaping owed plaintiffs additional funds. Without more, this agreement does not contradict the fact that the subsequent audit of Adams Landscaping's records revealed that Adams Landscaping owed plaintiffs the amount reflected in the judgment in this case. As a result, Adams Landscaping has not shown that the judgment it seeks to vacate is substantively incorrect or unfair.

In addition, even if Becton were its attorney and had misled it, Adams Landscaping would not be entitled to relief under Rule 60(b)(6). Elements three and four of the excusable neglect test prevent a party from obtaining relief from

judgment based on its counsel's errors if the facts show that the party had demonstrated an attitude of recalcitrance or had not acted in good faith. *See Jefferson v. Hicks*, 364 Fed. App'x 281, 283-84 (8th Cir. 2010) (holding that the erroneous advice of an attorney was insufficient to support relief from judgment under Rule 60(b)(1) when facts showed that the party seeking relief knew of the action and had the ability to respond, but did not).

Adams Landscaping has consistently demonstrated its unwillingness to participate in this litigation in good faith. Adams Landscaping did not even attempt to hire an attorney until seven months after this litigation had been initiated and five months after it had been declared in default. It's belated attempt to hire an attorney came only one day before it was to appear at a contempt hearing on a motion for contempt that it had known about for three months. After the audit and judgment, Adams Landscaping received a copy of all of the relevant notices, orders, and motions at its Debridge Way address, yet failed to respond to essentially all of them – even when they ordered action by a corporate representative. As a result, even if Becton or Witt had misled Adams Landscaping, it would not be appropriate to vacate the judgment in this case on that basis.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to vacate judgment

[#46] is DENIED.

**IT IS FURTHER ORDERED** that defendant's representative must appear

for a post-judgment deposition no later than **October 14, 2011**.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2011.